**XIU YUE LIU, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–4676–ag.**

United States Court of Appeals, Second Circuit.

June 27, 2006.

Thomas V. Massucci, New York, New York, for Petitioner.

Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, Jeffrey H. Cramer, Craig Oswald, and Edmond Chang, Assistant United States Attorneys, Chicago, Illinois, for Respondent.

PRESENT: Hon. JAMES L. OAKES, Hon. CHESTER J. STRAUB, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Xiu Yue Liu, through counsel, petitions for review of the BIA's July 2005 decision in which the BIA affirmed Immigration Judge ("IJ") Patricia A. Rohan's order denying Liu's applications for asylum, with-

holding of removal and Convention Against Torture ("CAT") relief, and ordering her removed. We presume the parties' familiarity with the underlying facts, the procedural history, and the scope of the issues presented on appeal.

This Court reviews an IJ's decision where, as here, the BIA summarily adopted or affirmed that decision without opinion. *See Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). Like other factual findings, the Court reviews adverse credibility determinations under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ's first reason for her adverse credibility determination was that Liu testified inconsistently with statements made during her airport and credibility interviews, specifically with respect to the fact that she was allegedly persecuted on the basis of her and her father's practice of Falun Gong. The record contains a transcript of Liu's airport interview, and that transcript indicates that the interview was designed to elicit details of Liu's asylum claim. Furthermore, there is no evidence that Liu was reluctant to reveal information or that she had any trouble understanding the questions posed to her in the Mandarin language. Finally, this transcript "bears [the] hallmarks of accuracy" as it was typed, signed at the end, and initialed by Liu on each page. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004). The statements made during that interrogation concerning Liu's fear of return to China directly contradict those she made later during her hearing testimony, and go to material elements of her claim for relief. As such, the IJ was reasonable in using the discrepancies be-

tween Liu's airport interview and her subsequent testimony as a basis for the adverse credibility finding. *See id.; Yun–Zui Guan v. Gonzales,* 432 F.3d 391, 396 (2d Cir.2005).

Liu argues, however, that the IJ failed to meaningfully address Liu's explanation that she did not mention her or her father's involvement with Falun Gong during her interview because she was nervous. However, in coming to her decision regarding Liu's inconsistent statements, the IJ did, in fact, address Liu's explanation, stating: "If what the respondent now asserts is in fact true, one can only wonder why she did not, at the very least, make reference to the very recent events upon which she claims [she] is seeking relief, to wit, her detention by the authorities when they attempted to arrest her father on January 18, 200, and she assisted him in escaping." Thus, the IJ properly considered and reasonably discredited Liu's explanation. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 403 (2d Cir.2005). There is no reason to think that Liu could not have mentioned her Falun Gong experience, especially when she felt comfortable enough to divulge her alleged illegal co-habitation with her boyfriend. Furthermore, Liu's claim that she wanted to focus on her violation of the marriage law is substantially undermined by the fact that there is no corroborating evidence of this claim. Not only is her boyfriend's statement void of any admission that they were living together, he stated that the marriage law accusations from the government were "ridiculous." Given: (1) Liu was warned of the importance of stating the truth; (2) her boyfriend's statement not only fails to support her claims, but seems to contradict them, Liu's explanation is implausible. Because the discrepancy between Liu's interviews and her testimony before the IJ are central to Liu's claim of persecution, the IJ acted within her discretion as factfinder to find Liu's explanation inadequate and her testimony incredible. *See id.*

Next, the IJ found that Liu's testimony about her father going into hiding after she helped him elude government officials was inconsistent with evidence in the record. The IJ specifically pointed to the INS agent's written comments regarding a phone call he made to Liu's home in China and the fact that Liu's father's affidavit was sent from her home address in China. We need not reach either of these issues because the other bases for the IJ's adverse credibility determination are support by the record and are sufficiently strong to allow us to confidently predict that the IJ would reach the same result absent reliance on the telephone call. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006).

The IJ also denied Liu relief pursuant to the CAT. However, Liu did not argue her CAT claim in her petition for review to this Court. Issues not raised in briefs are considered waived and will not normally be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005); *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998). Because Liu did not argue her CAT claim in her petition for review, the claim is deemed waived. *Id.*

For the foregoing reasons, the petition for review is DENIED.